Filed 11/29/23  P. v. Soto CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>FIDEL RIOS SOTO,<br><br>    Defendant and Appellant. | H050853<br>(Monterey County<br> Super. Ct. No. SS970158A) |

**THE COURT[1]**

Defendant Fidel Rios Soto appeals an order denying his motion to vacate his restitution fine pursuant to Assembly Bill No. 1869 (2019-2020 Reg. Sess.) and Assembly Bill No. 177 (2021-2022 Reg. Sess.).  For the reasons set forth below, we affirm the order.

## I.  PROCEDURAL BACKGROUND[2]

On November 12, 2014, Soto was convicted by a jury of first degree murder. (Pen. Code, § 187, subd. (a).)[3]  The jury also found true the allegation that Soto had personally used a firearm.  (§ 12022.5, subd. (a).)

---

[1] Before Greenwood, P. J., Manoukian, J. and Adams, J. (Judge of the Santa Clara County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution).

[2] The facts of the offense are not relevant to the analysis and disposition of the appeal and therefore we have omitted them.

[3] Undesignated statutory references are to the Penal Code.

The trial court sentenced Soto to 35 years to life on June 4, 2015. The court also ordered Soto to pay: a restitution fine in the amount of $5,000, under section 1202.4, subdivision (b); an additional restitution fine of $5,000 under section 1202.45, with that fine suspended unless parole is revoked; a court security fee of $40 under section 1465.8; and a criminal conviction assessment of $30 under Government Code section 70373. At Soto's sentencing, the court did not impose an administrative fee under section 1202.4 or 2805.5 for the collection of the restitution fine.

On direct appeal, this court modified the judgment to allow conduct credit for presentence confinement, and affirmed the judgment as modified. (*People v. Soto* (June 13, 2018, H042397) [nonpub. opn.].) On remittitur, the trial court modified the sentence to reflect the credits for presentence confinement, but otherwise left the sentence unchanged.

On June 24, 2016, while his direct appeal was pending, Soto filed a motion for modification of sentence under section 1260, claiming that the restitution fine had been improperly imposed because there was insufficient evidence of his ability to pay. The trial court ruled that it lacked jurisdiction to take any action on the motion because the case was on appeal.

On August 18, 2022, Soto filed a renewed motion to modify his sentence, once again arguing that there was insufficient evidence of his ability to pay the restitution fine. The trial court denied the motion as untimely.

On January 20, 2023, Soto filed a motion to vacate unpaid restitution pursuant to Assembly Bill No. 1869 and section 1465.9, as amended by Assembly Bill No. 177. The court denied the motion on February 2, 2023, ruling as follows: "Request Denied. The Court did not impose any fees covered under AB 1869. Restitution Fines pursuant to 1202.4/2085.5 of the Penal Code are not included." Soto timely appealed.

On appeal, counsel filed an opening brief pursuant to *People v. Serrano* (2012) 211 Cal.App.4th 496 (*Serrano*). We notified Soto that he could file a supplemental brief

on his own behalf, and that failure to do so would result in the dismissal of the appeal as abandoned.  (*People v. Delgadillo* (2022) 14 Cal.5th 216, 232.)  Soto filed a timely supplemental brief.

## II.  DISCUSSION

On appeal, Soto argues that the court erred when it denied his motion to vacate his unpaid restitution fine because he was ordered to pay a fine "per PC 1202.4(b) forthwith per PC 2085.5," and that fine was made invalid by Assembly Bill No. 1869 and Assembly Bill No. 177.  He also contends that imposition of this fine violated the Eighth Amendment of the U.S. Constitution.

Soto does not raise an arguable issue on appeal.  An issue is arguable if it has a reasonable potential for success, and, if resolved favorably for the appellant, the result will either be a reversal or a modification of the judgment.  (*People v. Johnson* (1981) 123 Cal.App.3d 106, 109.)

Effective July 1, 2021, Assembly Bill No. 1869 abrogated the authority of courts to impose and collect 23 different administrative fees, by adding section 1465.9 to the Penal Code, and section 6111 to the Government Code.  (Stats. 2020, ch. 92, §§ 11, 62.)  The Legislature then passed Assembly Bill No. 177, which took effect on January 1, 2022.  Prior to the enactment of Assembly Bill No. 177, sections 1202.4, subdivision (l), and 2085.5 permitted the imposition of various administrative fees associated with the collection of the restitution fine.  Assembly Bill No. 177 repealed and then re-enacted section 1202.4, eliminating former subdivision (l), which authorized county administrators to impose an administrative fee to cover the costs of collecting the restitution fine.  (Stats. 2021, ch. 257, § 19.)  Assembly Bill No. 177 also repealed the administrative fees that could be imposed pursuant to section 2085.5, but left intact the provisions allowing prison and jail administrators to deduct a percentage of wages earned by inmates as payment of restitution fines.  (Stats. 2021, ch. 257, § 37.)  Finally, Assembly Bill No. 177 amended section 1465.9 to render unenforceable and

3

uncollectible the balance of any court-imposed costs under section 1202.4 and 2805.5. (Stats. 2021, ch. 257, § 35.)

Here, the court did not impose any administrative fees or costs related to the collection of the restitution fine. The portion of the abstract of judgment highlighted by Soto (Box 9a) indicates that the court imposed a $5,000 restitution fine under section 1202.4, subdivision (b), which, under section 2085.5, may be collected by deducting from the wages and trust account of a prisoner. That procedure remains valid and unaffected by Assembly Bill No. 1869 and Assembly Bill No. 177. Accordingly, Soto's contention regarding the effect of Assembly Bill No. 1869 and Assembly Bill No. 177 on his restitution fine is not arguable.

Soto's argument that that the imposition of the restitution fine violates the Eighth Amendment is not cognizable on appeal because he failed to raise that issue in his motion below. Arguments not raised in the trial court are forfeited on appeal. (*Sander v. Superior Court* (2018) 26 Cal.App.5th 651, 670.)

Because Soto raises no arguable issue in his supplemental brief, we must affirm the order denying his motion to vacate the restitution fine. (*Serrano*, *supra*, 211 Cal.App.4th at pp. 503-504.)

### III. DISPOSITION

The February 2, 2023 order denying the motion to vacate the restitution fine is affirmed.

4